STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
V. SCOTT D. FREESE, RESPONDENT.

716 N.W.2d 56

Filed June 16, 2006. No. S-06-512.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by respondent, Scott D. Freese. As indicated below, the court accepts respondent's surrender of his license and enters an order of disbarment.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 19, 1983. At all times relevant hereto, respondent was engaged in the private practice of law in Nebraska.

On May 4, 2006, an application for the temporary suspension of respondent from the practice of law was filed by the vice-chairperson of the Committee on Inquiry of the Third Disciplinary District. The application stated that a federal indictment had been returned against respondent, generally alleging that respondent had engaged in a conspiracy to possess and distribute methamphetamine in violation of federal law. The application further stated that the indictment alleged that some

of respondent's "co-conspirators" were clients or former clients of respondent. The application also stated that respondent had entered into a plea agreement with the U.S. Attorney in which respondent had admitted that he had engaged in conduct in violation of federal law, which conduct constituted a felony punishable by incarceration in prison for a period of 10 years to life. The application further stated that "if the respondent's illegal conduct (including but not limited to conspiring with clients or former clients) is allowed to continue until final disposition of pending disciplinary proceedings, it will cause serious damage to the public and the Bar."

On May 5, 2006, this court entered an order directing respondent to show cause why his license should not be temporarily suspended. A copy of the show cause order was served on respondent. On May 15, respondent filed with this court a voluntary surrender of license, voluntarily surrendering his license to practice law in the State of Nebraska.

In his voluntary surrender of license, respondent admitted that on March 24, 2005, an indictment had been filed against him alleging that he had conspired with others to possess and distribute substances containing methamphetamine in violation of federal law. Respondent also admitted he had entered into a plea agreement with the U.S. Attorney, in which he admitted violating federal law. A copy of respondent's plea agreement is attached to his voluntary surrender. In the plea agreement, respondent agreed, inter alia, that he would enter a guilty plea to one count of conspiracy to distribute and possession with intent to distribute 500 grams or more of a substance containing methamphetamine. In his voluntary surrender, respondent knowingly admitted that his conduct as set forth in the plea agreement violated the applicable provisions controlling the conduct of attorneys in effect at the time relevant to the underlying facts. Respondent further knowingly does not contest the truth of the allegation made against him and voluntarily surrenders his license to practice law in the State of Nebraska. In addition to surrendering his license, respondent consented to the entry of an order of disbarment and knowingly waived his right to notice, appearance, and hearing prior to the entry of the order of disbarment.

## ANALYSIS

Neb. Ct. R. of Discipline 15 (rev. 2001) provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to rule 15, we find that respondent has voluntarily surrendered his license to practice law, knowingly does not contest the truth of the allegation that he conspired with others to possess and distribute substances containing methamphetamine in violation of federal law, and has waived all proceedings against him in connection with his voluntary surrender. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the pleadings in this matter, the court finds that respondent voluntarily has stated that he knowingly does not contest the truth of the allegation that he conspired with others to possess and distribute substances containing methamphetamine in violation of federal law. The court accepts respondent's surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with Neb. Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2005) and 23 (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.